**WESTCHESTER ADVOCATES FOR DISABLED ADULTS; Stephen Goodhue; Paul Eiseman; Louis Enker; Roni Enker; Nancy Guiddy; Esteban Silvera; Alicia Silvera; Veronica F. Brophy; Jane Doe; Richard Roe, as parents and guardians of, respectively, Jason Goodhue; Kari Eiseman; Kenneth Enker; John Guiddy; Ricardo Silvera; Thomas Brophy; John Doe; Rachel Roe, Plaintiffs–Appellees,**

**v.**

**George E. PATAKI, as Governor of the State of New York; Andrew O'Rourke, as County Executive of Westchester County; Thomas A. Maul; James L. Stone; Brian Wing, and Mary E. Glass, as Commissioners of Respectively, the New York State Office of Mental Retardation and Developmental Disabilities; the New York State Office of Mental Health; the New York State Department of Social Services, and the Commissioner of the Department of Social Services of Westchester County; and Westchester County, Defendants–Appellants.**

Nos. 1146, 1147, Dockets 96–7884(L), 96–7912(CON).

United States Court of Appeals, Second Circuit.

Submitted April 23, 1997.

Decided May 20, 1997.

William J. Burke, Burke & Stone, New York City (Robert M. Freedman, Freedman & Fish, New York City, Lisa K. Friedman, New York City, of counsel), for Plaintiffs–Appellees.

Amy L. Abramowitz, Assistant Attorney General, New York City (Dennis C. Vacco, Attorney General of the State of New York, Barbara G. Billet, Deputy Solicitor General, New York City, of counsel), for Defendants–Appellants Pataki, Maul, Stone, and Wing.

Marguerite R. Weiss, Deputy County Attorney, White Plains, NY (Marilyn J. Slatten, Westchester County Attorney, Annette G. Hasapidis Marshall, Deputy County Attorney, White Plains, NY, of counsel), for Defendants–Appellants O'Rourke, Glass, and Westchester County.

Before: OAKES, ALTIMARI, and JACOBS, Circuit Judges.

PER CURIAM.

The defendants, Westchester County and several of its officials, and officials of New York state (respectively, the "County Defendants" and the "State Defendants"), appeal from a preliminary injunction entered on June 21, 1996 in the United States District Court for the Eastern District of New York (Trager, *J.*) in favor of plaintiffs, six severely disabled adults (as well as their parents and advocates). The preliminary injunction provided that, *inter alia*, (1) the County Defendants must pay for the plaintiffs' out-of-state residential care for up to six months, or until they complete an orderly transition to appropriate alternative care in-state; and (2) the State Defendants must (a) assist the plaintiffs in obtaining appropriate alternative care, and (b) assume full responsibility (including funding) for the out-of-state care of any of the plaintiffs who still require such care after six months, until those plaintiffs complete an orderly transition to permanent State-approved placement.[1] *See Westchester Advocates for Disabled Adults v. Pataki*, 931 F.Supp. 993, 1013–14 (E.D.N.Y.1996).

This appeal presents the very same issues, based on nearly identical preliminary injunctions entered by the same district judge, that were decided adversely to similarly situated plaintiffs in this Court's decisions in *Brooks v. Giuliani*, 84 F.3d 1454 (2d Cir.), *cert. denied*, —— U.S. ——, 117 S.Ct. 480, 136 L.Ed.2d 375 (1996), and *Suffolk Parents of Handicapped Adults v. Wingate*, 101 F.3d 818 (2d Cir.1996), *petition for cert. filed*, 65 U.S.L.W. 3632 (U.S.Mar.10, 1997) (No. 96–1415).

The underlying issue is whether Westchester County and/or New York state must continue to provide funding for the out-of-state residential care of these profoundly disabled adults, who (because they are over 21) have "aged out" of the free, disability-appropriate educational programs to which they formerly were entitled under various state and federal statutes. The nature, origin, and history of this funding—known as "Transitional Care Funding" ("TCF")—are set forth fully in *Brooks* and *Suffolk*, familiarity with which is assumed. *See Brooks*, 84 F.3d at 1456–62; *Suffolk*, 101 F.3d at 820–21. For purposes of this appeal, it is enough to say that the County and State stopped providing TCF, just as in *Brooks* and *Suffolk*; the plaintiffs challenged that action on the same grounds asserted by the plaintiffs in *Brooks* and *Suffolk*, *i.e.*, that the withdrawal of TCF violated principles of due process and equal protection; and the district court entered a preliminary injunction—preventing the removal of TCF—that was the same in most respects as the preliminary injunctions entered in *Brooks* and *Suffolk*.

*Parents of Handicapped Adults v. Wingate*, 101 F.3d 818 (2d Cir.1996).

---

1. The order with respect to the County Defendants was stayed, pending appeal, on the basis of the stay granted to the defendants in *Suffolk*

The district court entered the preliminary injunction on June 21, 1996. *Brooks* was decided on May 31, 1996, but the Supreme Court did not deny certiorari until November 18, 1996; *Suffolk* was decided on November 4, 1996, and amended on denial of rehearing on December 9, 1996. *Brooks* resolved the due process issues against those plaintiffs, but left open the equal protection issue because the claims in which it arose were barred by res judicata. *See* 84 F.3d at 1463–68. *Suffolk* relied on *Brooks* in rejecting the due process claims of the *Suffolk* plaintiffs, reached the open equal protection issue, and resolved it adversely to them. *See* 101 F.3d at 822–27.

In their brief on appeal, filed with this Court on November 25, 1996—after the denial of certiorari in *Brooks,* but prior to the denial of rehearing in *Suffolk*—the plaintiffs "concede[d] the governing effect of the intervening ruling[s]" in those cases. Appellees' Brief at 1. Specifically, the plaintiffs stated that "[t]here is no need for this Court to visit the [due process] area yet again ... [because] [t]he last word on the due process issue has just come from the Supreme Court in its denial of certiorari in *Brooks.*" *Id.* at 6. Similarly, the plaintiffs conceded that "[t]he *Suffolk Parents* rehearing panel's decision will be dispositive of equal protection issues in this appeal. If the current *Suffolk Parents* decision stands, then its disposition will govern here." *Id.* at 7.

On the basis of our decisions in *Brooks* and *Suffolk,* and the plaintiffs' concessions here, the district court's preliminary injunction is vacated, and this case is remanded to the district court for further appropriate proceedings consistent with *Brooks* and *Suffolk.*